## Case No. 15,522.

### UNITED STATES v. KENNEALLY.

[5 Biss. 122.][1]

District Court, N. D. Illinois. April, 1870.

COUNTERFEIT UNITED STATES NOTES—WITNESSES SUMMONED BY UNITED STATES FOR ACCUSED — PROCESS — BAD CHARACTER.

1. On an indictment for having in his possession, with intent to utter, counterfeit United States treasury notes, the accused may show that he received them accidentally or in ordinary course of business.

2. Good character may be shown as evidence of his intention; and absence of such evidence is a strong circumstance to show that he has no such evidence to produce.

3. It is the duty of the court, on application of the prisoner, showing that he is unable to send for his witnesses, to summon them at the expense of the government.

4. The prosecution cannot give evidence as to the character of the accused unless he opens the door by introducing evidence of character himself.

5. The fact that the accused, when arrested, made no explanation of the manner in which he got the counterfeit money, nor any assertion of innocence, is a circumstance which may be considered by the jury against him.

Indictment [against James Kenneally] for having in his possession, and with intent to utter and pass, certain counterfeit notes of the United States government.

J. O. Glover, U. S. Dist. Atty., for the Government.

BLODGETT, District Judge (charging jury). The evidence in the case, on the part of the prosecution, is very short. It is simply to the point that the prisoner was arrested by the sheriff of Peoria county; that when called upon to deliver over any counterfeit money which he had in his possession, he took from his pocket the roll of bills exhibited before you, and identified as counterfeit.

When a man is arrested with counterfeit money in his possession, knowing it to be counterfeit, he cannot establish his innocence by vague hypotheses or theories, or speculative statements in relation to his intentions and

the manner in which he came by it. But he may relieve the charge thus placed upon him by proof of former character, showing that he would not be likely to be engaged in that class of business, or that he obtained the money in due course of business, supposing it to be genuine. Every man in the community, in business, is liable to receive counterfeit money. We infer that every honest man is able to show such facts in regard to his character and conduct as are sufficient to rebut any evidence of guilty intention. The absence of evidence of that character is to be taken as at least a strong circumstance to show that the person accused has no such evidence to produce.

It is the duty of the court, on the application of a prisoner, to send for witnesses, wherever they may be had, within the jurisdiction of the court, and at the expense of the United States government, if the prisoner proves that he is poor, and unable to bear the expense himself.

The prosecution, in cases like this, are not allowed to give evidence of the general bad character of the accused unless he opens the door first by introducing evidence of character himself. It is not competent for the prosecution to show, as a make-weight in the case,—as a part of the evidence for the prosecution in making out a prima facie case,—that the accused is a person of bad character. The law, in its leniency, presumes every man to have a good character until the contrary is shown, but for the purpose of rebutting any presumption of guilty intention raised by circumstances not clearly explained otherwise, the law allows every person accused of crime to introduce evidence of character, which should, and always does, go far for the purpose of rebutting the presumption of criminal intent.

There are two counts in this indictment: the one, having them with intent to pass; the other, with intent to sell; and it is for you, with the testimony before you, to say what is the fact in the case. The testimony is in a very compact form. With reference to the defense set up, that this man Connor persuaded the defendant to accept these notes at the time, there has been a great deal said by counsel. You are all aware that there has been no testimony offered bearing on that assertion. The man was a competent witness to have been brought here on the part of the defendant. The court would have allowed a rigid and thorough examination if there was any circumstance going to show there was anything to justify a suspicion of that kind.

When arrested, the prisoner made no pretext to the officers of having obtained the money in the manner in which his counsel and he himself now allege. Honest men, arrested on a criminal charge, generally, at the first blush, state the truth in reference to the manner in which they are entrapped— if they are entrapped—into the circumstances

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

which make against them. This matter has been commented on by counsel, and I merely call your attention to it.

If you are satisfied from the proof that the prisoner is guilty. say so. If not guilty, say so. It is no part of your province to fix the punishment. That is to be fixed by the court

Verdict, guilty.

For authorities upon the rule stated as to admitting evidence of the character of the accused, see 3 Greenl. Ev. § 25, and note 4. Consult U. S. v. Durling [Case No. 15,010].